In re TOPSY'S SHOPPES, INC. OF KANSAS, Debtor.

T.S. NOTE COMPANY, Appellant,

v.

UNITED KANSAS BANK & TRUST, Appellee.

Civ. A. No. 90–2209–O.
Bankruptcy No. 89–21062–11.

United States District Court, D. Kansas.

Aug. 15, 1991.

Joanne B. Stutz, Evans & Mullinix, Lenexa, Kan., Carol Park Thompson, Arkansas City, Kan., for Topsy's Shoppes, Inc. of Kansas.

Donald E. Bucher, Moore & Bucher, P.C., Kansas City, Mo., for T.S. Note Co.

Chris W. Henry, McDowell, Rice & Smith, P.C., Overland Park, Kan., for United Kansas Bank & Trust.

Daniel M. Zimmerman, Speer, Austin, Holliday & Ruddick, Olathe, Kan., for Dick L. Sandifer and Cecilia R. Sandifer.

Timothy J. Carmody, Johnson County Legal Dept., Olathe, Kan., for Johnson County Bd. of County Com'rs.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on appellant T.S. Note Company's ("TSN's") appeal from the Bankruptcy Court's May 15, 1990, Journal Entry of Judgment directing verdict for appellee United Kansas Bank & Trust ("UKBT"). In the Journal Entry of Judgment, the Bankruptcy Court concluded that appellant had failed to present a prima facie case at trial and found that UKBT had a prior lien and prior security interest and that the description of collateral in UKBT's security agreement was sufficient to cover the debtor's intellectual property. Having reviewed the record and the briefs submitted by both parties, the court is now prepared to rule.[1]

### I. Factual Background

The facts of this case are undisputed. In brief, on October 30, 1987, debtor granted appellant a purchase money security interest in the following property: "All Franchise Agreements of [debtor]; all accounts receivable of [debtor]; all of [debtor's] inventory; all of [debtor's] equipment; all goods returned to or repossessed by [debtor] and all right, title and interest of [debtor] in all goods the sale or lease of which or the furnishing of which in the performance of services gave rise to Collateral; all patent rights, trade marks, service marks, trade names and other general intangibles; and all proceeds of, and all additions and accesstions [sic] to, the Collateral." The security interest was granted by debtor in order to secure a purchase money Promissory Note in the original principal amount of $200,000.00.

On the same date, debtor granted appellee UKBT a security interest in the following items: "All Machinery and Equipment, Furniture and Fixtures, (including automotive) Leasehold Improvements, Inventory and all present and future Accounts Receivable, proceeds arising therefrom, chattel paper, contract rights and general intangibles, however evidenced or acquired, now owned, purchased with loan proceeds and hereafter acquired, and all additions and accessions thereto." The security interest was granted to UKBT to secure a loan in the amount of $400,000.00.

Both UKBT and TSN subsequently perfected their respective security interests by filing copies of their respective financing statements with the Kansas Secretary of State. However, UKBT was the first to perfect its interest because it filed on November 4 and 13, 1987. TSN did not perfect its interest until December 1, 1987.

---

1. Although the appellant has requested oral argument, the court finds that this would not be of material assistance in determining the issues now before the court. Appellant's request is therefore denied.

On or about October 6, 1989, the Bankruptcy Court authorized the debtor to sell certain property free and clear of liens. Among the assets sold pursuant to the Bankruptcy Court's authorization were all of debtor's franchise agreements and associated franchise materials and the "Topsy's" name, logos, trademarks and copyrights.

On November 15, 1989, appellant TSN instituted the instant adversary proceeding against UKBT and another defendant to determine the validity, extent and priority of claims to the proceeds of the sale of the debtor's assets.[2]

On May 15, 1990, TSN's action proceeded to trial before the Bankruptcy Court. At trial, TSN offered no witnesses. Instead, TSN simply read brief portions of deposition testimony from one TSN officer and rested its case. UKBT moved for directed verdict. In response to the motion, TSN's counsel stated to the court, in pertinent part:

"This isn't a fact case, Your Honor. All of those facts that are critical are admitted to. Their security agreement says what it says, and its description is contract rights and all general intangibles. Their financing statement was filed first. My security agreement says what it says, and its financing statement was filed second.

The dispositive issue in this case is the legal issue: the sufficiency of a description in a security agreement is a question of law for the Court to determine and is not a question of fact. I intend to argue that the law is that the description contained in the bank's security agreement is an insufficient description to attach a security interest in franchise rights, trademarks, trade names, and so forth; the intellectual property.

. . . .

I have offered the factual evidence only to demonstrate to the Court that the consequence of the law, as we perceive it, does not give a windfall to the plaintiff."

Record at 25–26. Following additional arguments from counsel for both parties,[3] the court sustained UKBT's motion for directed verdict. A journal entry of judgment was subsequently entered on June 15, 1990, reflecting the court's findings. Therein, the court specifically noted that UKBT had a prior perfected security interest in the debtor's intellectual property.[4]

## II. Discussion

In the instant appeal, TSN's primary argument is that the description of collateral contained in UKBT's security agreement is insufficient to cover the debtor's intellectual property and the proceeds therefrom.

After careful review, the court rejects TSN's argument. TSN has cited no case law, and the court has found none, that would support TSN's position that the term "general intangibles," as used in UKBT's security agreement and financing statement, is insufficient to cover the debtor's franchise agreements, trademarks, and copyrights. To the contrary, every case addressing the same or similar issues has concluded that such items are normally encompassed within the term "general intangibles." *See, e.g., In re Lady Madonna Industries, Inc.,* 99 B.R. 536, 539 (S.D.N.Y.1989) (noting that trademarks and trade names are considered general intangibles); *In re Emergency Beacon Corp.,* 23 U.C.C.Rep.Serv. 766 (Bankr. S.D.N.Y.1977).(holding that a debtor's patent rights and tradename were general intangibles within the meaning of UCC § 9–106); *In re Protest of Strayer,* 239 Kan. 136, 142, 716 P.2d 588 (1986) (noting that

---

**2.** Three additional defendants were added to the action subsequent to the filing of the initial complaint. However, the claims of these defendants to the debtor's proceeds have been settled and are not in dispute.

**3.** In additional arguments, TSN's counsel continued to stress that there were no factual issues for the court to decide. For example, TSN's counsel stated: "This isn't a fact case; hasn't

been. Issue No. 1 is precisely the issue that I have argued: the issue of law. I believe that that is dispositive." Record at 37.

**4.** The Bankruptcy Court has since filed a supplemental opinion, dated September 13, 1990, with findings of fact and conclusions of law. 118 BR 797.

the term "general intangibles" includes patent rights and trademarks). Even more persuasive is the fact that both the Official UCC Comment and the Kansas Comment to K.S.A. § 84–9–106 cite copyrights, trademarks and patents as examples of "general intangibles." *See* K.S.A. § 84–9–106, Official UCC Comment and Kansas Comment 1983. Accordingly, the court finds that the debtor's franchise rights, trademarks and copyrights were covered by the term "general intangibles" contained in UKBT's financing statement and security agreement.[5] The court thus affirms the Bankruptcy Court's findings on this issue.

TSN has also objected to the Bankruptcy Court's granting of UKBT's motion for directed verdict. Specifically, TSN contends that the Bankruptcy Court erred: (1) in finding that TSN had failed to prove a prima facie case and holding that TSN had to meet a stricter burden of proof than did UKBT; and (2) in sustaining the motion when there was no evidence presented by UKBT concerning UKBT's security interest.[6] Having reviewed these arguments, the court finds no merit therein.

IT IS THEREFORE ORDERED that the findings and conclusions of the Bankruptcy Court are affirmed in all respects and appellant T.S. Note Company's appeal is hereby dismissed.

---

5. The franchise rights were also arguably covered by the provision granting UKBT a security interest in the debtor's "contract rights."

6. TSN's argument concerning the lack of evidence presented by UKBT is in direct contradiction to its position at trial that there were no factual issues. As can be seen from the trial transcript, TSN's counsel was not concerned about factual issues or UKBT's evidence at the time of trial. As noted by UKBT in its brief, TSN admitted on the record at trial that it did not dispute the existence of UKBT's financing statement or the fact that it was filed before TSN's financing statement.